LYLE C. CAVIN, JR., SBN 44958
LIA T. MARKS, SBN 282914
LAW OFFICES OF LYLE C. CAVIN, JR.
428 Alice Street, Suite 128
Oakland, CA 94607
Telephone: 510-444-2501
Facsimile: 510-444-4209

Attorneys for Plaintiff,
Bernadette Bednarik

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNADETTE BEDNARIK, | Case No. |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| PRINCESS CRUISE LINES, LTD, d.b.a. PRINCESS CRUISES, and DOES ONE through TEN, Inclusive, | (Personal Injury) |
| Defendants. | |

Plaintiff **BERNADETTE BEDNARIK**, by counsel, hereby moves this Honorable Court for a judgment, award and execution against Defendants **PRINCESS CRUISE LINES, LTD d.b.a. PRINCESS CRUISES,** and **DOES ONE through TEN, Inclusive,** jointly and severally, for compensatory damages, together with interest and costs incident to this proceeding for the reasons set forth below:

### PARTIES AND JURISDICTION

1. Plaintiff Bernadette Bednarik is a resident of the State of New Jersey. She alleges claims in excess of $75,000.00.

2. Plaintiff is informed and believes that at all times relevant to this action Defendant Princess Cruise Lines, Ltd, d.b.a. Princess Cruises ("Princess Cruises") was, and is, a business entity regularly conducting business as Princess Cruises within the State of California and this judicial district. Princess Cruises is subject to jurisdiction of this court.

3. Plaintiff is informed and believes, and therefore alleges, that at all times relevant to this action the principle place of business of Defendant Princess Cruises was located at 24305 Town Center Drive in Santa Clarita, California, 91355.

4. Plaintiff is unaware of the true names and capacities of the Defendants sued in this Complaint as Does One through Ten; therefore, Plaintiff sues these Defendants by such fictitious names. Plaintiff will amend the Complaint to allege their true names and capacities when they are ascertained. Plaintiff is informed and believes that each of the factiously named Defendants is responsible in some manner for the occurrences alleged in this action, and that Plaintiff's damages were legally caused in whole or in part by all named Defendants, for which they are liable jointly and severally.

5. At all times relevant to this action, one or more Defendants, individually or jointly, owned, operated, managed, maintained, controlled, chartered, and navigated upon navigable waters of the high seas M/V ROYAL PRINCESS ("Vessel"). At all times relevant to this action, the Vessel was operated as a cruise ship, carrying paying passengers on recreational cruises between and among Fort Lauderdale, Florida and several Caribbean ports. Defendants, one or all of them, were engaged in business and operated as common carriers.

6. The Court has jurisdiction in this case based upon 28 U.S.C. §1332 (diversity jurisdiction) and upon its Admiralty and Maritime Jurisdiction granted by 28 U.S.C. §1333 which embodies the "saving to suitors" clause. The Court further has jurisdiction pursuant to the substantive and procedural law of the general maritime law of the United States as well as any federal statutes that may apply in this case.

Complaint/Demand for Jury Trial

7. Venue in this case is proper because the Princess Cruise Lines Passage of Carriage Contract demands that all lawsuits be litigated in United States District Court in the Central District of California in Los Angeles.

## GENERAL ALLEGATIONS

8. This action arises out of a maritime incident that occurred on the high seas on board the Vessel. Plaintiff Bernadette Bednarik was a paying passenger on the Vessel, having purchased a ticket for the cruise and boarded the Vessel in Fort Lauderdale, Florida on February 28, 2017. She did so in reliance of the representations of Defendants and for the Defendants' financial benefit.

9. The Vessel departed Fort Lauderdale on February 28, 2017 intending to cruise to various islands and ports in the Caribbean and return to Fort Lauderdale on or about March 10, 2017. Ms. Bednarik was a passenger on this voyage.

10. On or about March 4, 2017, Plaintiff experienced a fall on a set of stairs on Defendant's Vessel. The stairs were neither properly designed nor properly maintained and they were extremely slippery at the time of the fall. These conditions existed without adequate warnings to the Plaintiff and were the direct and proximate cause of Plaintiff's injuries.

11. During the fall Ms. Bednarik suffered serious and permanent personal injuries, including acute displaced fractures of her left distal tibia and left fibula with dislocation of her left ankle with posterior displacement talus relative to the distal fibula.

12. As a result of the incident, Plaintiff suffered and will continue to suffer serious permanent injuries, including disability and disfigurement with associated humiliation and embarrassment; Plaintiff incurred doctors' expenses and expenses of other health care providers and will continue to do so in the future; Plaintiff suffered great pain and suffering, anxiety and mental distress, inconvenience and loss of quality of life, and will continue to do so in the future.

Complaint/Demand for Jury Trial

## GENERAL MARITIME NEGLIGENCE

13. Plaintiff incorporates as fully set forth herein each and every allegation contained in all paragraphs above.

14. Throughout the cruise and on March 4, 2017, as a paying passenger aboard the Vessel, Ms. Bednarik was invited to participate and engage in any and all leisure activities offered by Defendants to their passengers. In doing so, Plaintiff entrusted her safety and welfare to Defendants, the Vessel, and to its master, officers and crew.

15. Defendants owed Ms. Bednarik and, indeed, all passengers the following duties: a duty to exercise reasonable care for Passengers' safety; a duty to exercise reasonable care under the circumstances; a duty to warn of dangers known to the carrier in places where passengers are invited to visit or reasonably expected to visit; and a duty not to cause harm passengers.

16. None of Plaintiff's injuries and damages that resulted from the fall were in any way caused or contributed to by any fault or neglect of hers.

17. Plaintiff's damages and losses were caused by the fault and negligence of the Defendants in one or more of the following particulars, among others, all of which will be more fully shown at the trial of this matter:

    a. In failing to design and install stair tread surfaces that were not slippery when wet;

    b. In failing to maintain the stair tread surfaces so they were not slippery when wet;

    c. In failing to establish a layout of paths of ingress and egress in a manner to provide for passenger safety;

    d. In failing to remove water promptly from the stair tread surfaces in areas expected to be used by passengers, including Ms. Bednarik;

    e. In failing to monitor the stair deck surfaces for water buildup and keep passengers, including Ms. Bednarik, from traversing those surfaces;

    f. In failing to post in a visible area warning signs, cones or chains to warn Ms. Bednarik and other passengers of the dangerous condition;

    g. In allowing a slipping hazard to exist on the Vessel;

    h. In allowing the Vessel to be operated in a manner that was unsafe;

    i. In allowing the Vessel to be operated in a negligent manner by failing to exercise reasonable care while operating the Vessel;

    j. In allowing the Vessel to be operated in a negligent manner so as to endanger a passenger's life and limb;

    k. In failing to exercise care and caution that a reasonable and prudent person would have used under the same circumstances then prevailing.

    l. In failing to act as a reasonable and prudent owner/operator would have done under the similar circumstances; and

    m. Other matters to be shown at trial.

18. Defendants breached these obligations, promises, and duties of due care in that Vessel design, layout, maintenance, inspection, warnings and other acts and omissions of their employees, as outlined above, resulted in a hazardous, dangerous and/or defective condition which caused serious and permanent injury to Plaintiff.

19. As a legal result of Defendants' breaches of duties, Defendants' failure to exercise due care under the circumstances in which Plaintiff found herself, and Defendant's overall negligent acts and omissions, Plaintiff suffered serious and permanent injuries to her person.

20. As a further result of the negligence of Defendants, Plaintiff suffered and will continue to suffer damages, including and without limitation, general damages and special damages, all of which will be established at trial according to proof.

### **PRAYER**

WHEREFORE, Plaintiff prays for judgment, award and execution against Defendants **PRINCESS CRUISE LINES, LTD d.b.a. PRINCESS CRUISES** and **DOES ONE**

**through TEN, Inclusive,** jointly and severally, for compensatory and other damages, as follows:

1. Compensatory damages in an amount to be determined by a jury, but in a sum exceeding $75,000;
2. Reimbursement of all taxable costs related to this action;
3. Prejudgment interest beginning the date of the injury until paid in full; and
4. All other and further relief as the court deems just and proper.

Dated: March 2, 2018

LAW OFFICES OF LYLE C. CAVIN, JR.

By _____
Lyle C. Cavin, Jr.
Lia T. Marks
Attorneys for Plaintiff
Bernadette Bednarik

*Pro Hac Vice* Application Forthcoming:
Deborah C. Waters, Esquire
Virginia State Bar No. 28913
Waters Law Firm, P.C.
Town Point Center, Suite 600
150 Boush Street
Norfolk, Virginia 23510
757-446-1438 *Telephone*
757-446-1438 *Facsimile*
dwaters@waterslawva.com

Complaint/Demand for Jury Trial

## DEMAND FOR JURY TRIAL

Plaintiff, Bernadette Bednarik, hereby demands a trial by jury on all triable issues and claims for relief.

Dated: March 2, 2018

LAW OFFICES OF LYLE C. CAVIN, JR.

By *[signature]*
Lyle C. Cavin, Jr.
Lia T. Marks
Attorneys for Plaintiff
Bernadette Bednarik